U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 FEB 26 PM 12:48

CLERK

BY (AW)
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Case No. 2:12-cr-158 |
| ) | |
| VIDESH RAGHOONANAN ) | |

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 210, 229, & 234)

This matter came before the court for a review of the Magistrate Judge's January 10, 2018 Report and Recommendation ("R & R") (Doc. 234). On May 1, 2017, Defendant Videsh Raghoonanan, who is self-represented, filed a motion pursuant to 28 U.S.C. § 2255 seeking a reduction of his 145 month term of imprisonment on the grounds that he received ineffective assistance of counsel, and arguing a new rule of law announced in *Dean v. United States*, 137 S. Ct. 1179 (2017) gives district courts discretion to order consecutive sentences for trafficking and firearm possession in furtherance of drug trafficking convictions. (Doc. 210.) On July 28, 2017, Defendant filed an amended motion further contending that the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015) mandates the court vacate his conviction for possessing a firearm in furtherance of a drug trafficking crime. (Doc. 229.) The government opposes both motions, contending that his claims are time barred by § 2255's one-year statute of limitations and because they lack merit. Neither party has filed an objection to the R & R, and the time to do so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the

factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his thirty-eight page R & R, the Magistrate Judge carefully reviewed Defendant's factual and legal claims and properly recommended that the court deny the § 2255 motion and amended motion. As the first basis for recommending denial of the motions, the Magistrate Judge noted that Defendant's claims are barred by the one-year statute of limitations contained in § 2255. *See* 28 U.S.C. § 2255(f).

The Magistrate Judge nevertheless proceeded to analyze Defendant's claims and observed that Defendant did not establish that his counsel's performance was deficient in failing to raise meritless legal arguments based on distinguishable cases, and that Defendant failed to support his contention that, but for his counsel's inadequate representation, the court would have dismissed charges against him or altered his sentence. The Magistrate Judge committed no error in concluding that Defendant failed to satisfy either prong of the *Strickland* test for establishing ineffective assistance of counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) ("First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.").

With respect to Defendant's arguments regarding the applicability of *Dean*, wherein the Supreme Court considered the district courts' discretion when calculating sentences under 18 U.S.C. § 924(c), the Magistrate Judge accurately noted that the right recognized in that case was not made retroactively applicable to cases on collateral review; that Defendant's case is factually distinguishable due to the mandatory minimum terms required by law; and because the court exercised its discretion in sentencing him to a term of imprisonment within the plea agreement's agreed-upon range.

In considering the applicability of *Johnson* to Defendant's conviction, the Magistrate Judge accurately found that Defendant's conviction under § 924(c) did not rely on a predicate crime of violence. Defendant was convicted of possessing a firearm in furtherance of a drug trafficking crime, as opposed to in furtherance of a crime of violence. Accordingly, *Johnson* is inapplicable.

Finally, the Magistrate Judge did not err in his well-reasoned conclusion recommending that the court deny Defendant's request for counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further.").

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 234) as the court's Opinion and Order, DENIES Defendant's motion for appointment of counsel, DENIES Defendant's motion to vacate and amended motion to vacate, and DISMISSES Defendant's § 2255 motion and amended motion (Docs. 210 & 229).

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Defendant a certificate of appealability in this matter because he has failed to make a substantial showing of the denial of a constitutional right.
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 26th day of February, 2018.

Christina Reiss, District Judge
United States District Court

3